# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Trustees of the Operating Engineers Pension Trust, et al.,

    Plaintiffs,

v.

Peek Construction Company, Inc.,

    Defendants

Case No.: 2:12-cv-333-JAD-CWH

**Order Denying Without Prejudice Motion for Default Judgment Against Peek Construction Company [Doc. 61]**

    In this ERISA action, Plaintiffs—the trustees of various multi-employer, fringe-benefit trust funds—sue Peek Construction Company ("the Company") and its principal Michael Peek to recover unpaid contributions and related interest, fees, and costs. Doc. 1. A default was entered against the Company after its counsel withdrew and the Company failed to retain a new attorney to represent it, *see* Doc. 59, and the plaintiffs now move for a $154,578.89 default judgment against the Company. The Ninth Circuit disfavors default judgments against single parties in multi-defendant cases where liability is jointly and severally sought and claims against other parties remain pending. Because plaintiffs seek to hold the Company and Michael Peek jointly and severally liable for misappropriation of trust assets and breach of contract, and the claims against Mr. Peek—though now stayed due to bankruptcy[1]—remain pending, I deny the motion for default judgment against the Company without prejudice to its reurging after the claims against Mr. Peek have been resolved.

## Background

    The plaintiff trustees, who have authority to sue Mr. Peek and the Company for their alleged failure to make fringe-benefit contributions due under collective bargaining agreements and ERISA, allege five causes of action: (1) breach of contract, (2) constructive trust, (3) misappropriation of trust assets, (4) breach of contract - affirmative relief, and (5) amounts due on project bonds. Doc. 32. Count 1 is brought against Peek Construction only, but counts 3 and 4 target both the Company

---

[1] Doc. 67.

1

and Mr. Peek; the trustees allege these defendants "are jointly and severally liable to the Trusts for all unpaid fringe benefit contributions, contract damages, audit costs. liquidated damages, attorney's fees and interest owed to the Trusts," and seek a judgment against them "individually and jointly and severally." *See id.* at 7-8.

Plaintiffs now move for a default judgment against the Company, seeking unpaid contributions, liquidated damages, prejudgment interest, audit fees, attorney's fees, and costs, in an adjusted amount of $154,578.89. Doc. 61 at 11. At the same time, they also moved for summary judgment against Michael Peek, which went unopposed. Docs. 62, 66. But because Peek is now in bankruptcy, the claims against him are subject to an automatic stay, and on December 11, 2014, I denied the motion for summary judgment against him without prejudice in light of the bankruptcy stay. Docs. 67, 70.

**Discussion**

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[2] However, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[3] The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[4]

In their complaint, plaintiffs allege that in count 3 that "Defendants . . . Peek and [the Company] are jointly and severally liable to the Trusts for all unpaid fringe benefit contributions,

---

[2] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada v. Tumbleweed Development, Inc.*, 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

[3] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[4] *Geramendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (quotation omitted).

contract damages, audit costs, liquidated damages, attorney's fees and interest owed to the trusts." Doc. 32 at 7.  Similarly, count 4 alleges that "Peek and [the Company] have failed to pay contributions in a timely manner for three or more months within a twelve month period.  The Trusts are entitled to a good faith deposit or performance bond in their favor from Jay, Peek and [the Company] in an amount equal to the total amount determined by the Court to be due to the Trusts according to the proof at the trial herein." *Id.* at 8.  Because plaintiffs' allegations render Mr. Peek and the Company similarly situated with respect to counts 3 and 4, there is a very real possibility that if Mr. Peek's defense to either of these claims proves meritorious, he and the Company will experience different legal outcomes on the same claim.[5]  A straightforward application of the *Frow* doctrine precludes me from entering default judgment against Peek Construction at this time.  Plaintiffs' motion for a default judgment is denied without prejudice to its reurging once the (now-stayed) claims against Mr. Peek are resolved.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment Against Peek Construction Company **[Doc. 61] is DENIED WITHOUT PREJUDICE**.

DATED: December 16, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] I note that even though plaintiffs' motion for summary judgment was unopposed, I would not be permitted to grant it by default.  Last year in *Heinemann v. Satterberg,* the Ninth Circuit clarified that local rules permitting courts to treat the lack of an opposition as consent to granting a motion do not apply to summary judgment motions.  *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).  When a summary-judgment motion is unopposed, Rule 56 "authorizes the court to consider a fact as undisputed," but it does not permit a court to grant summary judgment by default.  *Id.* (citing Fed. R. Civ. P. 56 Advisory Committee Notes (2010)); Fed. R. Civ. P. 56(e)(2)-(3).

3